```
                  UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Howard J. Dananberg, D.P.M.**

    **v.**                                      Case No. 00-cv-34-PB

**Payless ShoeSource, Inc.**

### MEMORANDUM AND ORDER

Howard Dananberg owns U.S. Patent No. 4,597,195 (issued July 1, 1986) ("'195 patent"). His lawsuit claims that Payless ShoeSource, Inc.'s Pre-Redesign One-Piece Insole infringed the '195 patent.[1] Payless challenges this claim in a motion for summary judgment.

### I.  BACKGROUND

**A.  The '195 Patent**

The '195 patent identifies various ways in which a shoe sole or insole can be designed to improve gait. As I explained in

---

[1] The parties agree that Payless's other infringement claims have been resolved by prior rulings. See Order granting parties' joint motion for partial summary judgment on non-infringement dated November 14, 2005; Def.'s Mem. in Supp. of Mot. for Summ. J. at 1 n.1.

prior orders, the central idea that underlies the '195 patent is that plantarflexion[2] and eversion[3] of the first metatarsal head[4] can be promoted, and the wearer's gait improved, by providing an area of reduced support in a shoe sole or insole under the first metatarsal head.  Order dated March 30, 2004 (Doc. No. 104) at 3.  Claim 1 of the '195 patent claims:

> A human shoe sole having a foot supporting upper surface, a portion of said sole, extending from said upper surface into said sole and <u>underlying substantially only the location of the first metatarsal head</u> of a wearer's foot, being of reduced support relative to the remainder of said sole to provide less resistance to downward motion than the remainder of said surface to facilitate eversion and plantarflexion of said first metatarsal head, wherein said portion does not extend forward of said first metatarsal head.

'195 patent col. 9, ll. 50-59 (emphasis added).  The '195

---

[2]  Plantarflexion is a movement that occurs during contraction of the peroneus longus, the tendon that connects the heel and first metatarsal head.  The contracting tendon pulls the first metatarsal head downward and back toward the heel, creating increased foot arch, as when one "points the toes."

[3]  Eversion is the medial rotation of the metatarsal bone so that the sole of the foot twists outward and upward away from the midline of the body.

[4] The first metatarsal is the long bone that runs from the base of the "great toe" (the big toe) up the arch of the foot toward the ankle.  The part of the metatarsal bone closest to the toe is the metatarsal "head."  The "metatarsal-phalangeal joint" is the joint between the first metatarsal head and the proximal phalanx of the great toe.

patent's other independent claims also require an area of reduced support "underlying [the] first metatarsal head."[5]  '195 patent col. 10, ll. 43-44 (claim 10); see also id. col. 10, l. 66 (claim 12); col. 12, ll. 1-2 (claim 13).[6]  The area of reduced support may be achieved by inserting a soft material in the sole or creating a hollow in the sole under the first metatarsal head. See id. col. 6, ll. 19-21; col. 7, ll. 13-17.

**B.   The Accused Product**

The Pre-Redesign One-Piece Insole has a concave depression (or "dimple") that extends downward from the upper surface of the insole.  The dimple is located behind rather than vertically beneath the location of the first metatarsal head.

The issue presented by Payless's motion for summary judgment

---

[5] The other independent claims do not include the term "substantially" and thus are narrower than claim 1.  See Playtex Prods., Inc. v. Procter & Gamble Co., 400 F.3d 901, 907 (Fed. Cir. 2005) ("The term 'substantial' is a meaningful modifier implying 'approximate,' rather than 'perfect.'" (quotation omitted)).  Because the accused product does not infringe claim 1 and the remaining claims are narrower on the point in question than claim 1, I also grant Payless summary judgment with respect to these claims.

[6] Payless contends that only claims 1 and 10 are in dispute; Dananberg maintains that the accused insole also infringes claims 12 and 13.

is whether the dimple on the accused insole is "underlying substantially only the location of the first metatarsal head."

## II.   STANDARD OF REVIEW

**A.   Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the burden shifts to the adverse party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996).  The "adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.    Patent Infringement**

"A patent infringement analysis involves two steps: 1) claim construction; and 2) application of the properly construed claim to the accused product." Techsearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1369 (Fed. Cir. 2002) (citing Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995)). I decide the first step, claim construction, as a matter of law. See id. "To prove infringement, the patentee must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents." Playtex, 400 F.3d at 906. Determining whether the accused product meets each claim limitation is a question of fact. Techsearch, 286 F.3d at 1369-70. Summary judgment of non-infringement is appropriate "where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, because such failure will render all other facts immaterial." Id. at 1369 (citations omitted).

C.   **Claim Construction**

The words of a patent claim "are generally given their ordinary and customary meaning." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005), cert. denied, 2006 WL 386393 (U.S. Feb. 21, 2006). To ascertain this meaning, courts examine the so-called intrinsic evidence, including the claim language, the patent specifications and the prosecution history. Id. at 1313. Extrinsic evidence such as dictionaries, treatises and expert testimony may also be useful if "considered in the context of the intrinsic evidence." Id. at 1319. Although there is "no magic formula or catechism for conducting claim construction," id. at 1324, the Federal circuit has made clear that "'[t]he construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction.'" Id. at 1316 (quoting Renishaw PLC v. Marposs Societa' per Azioni,

158 F.3d 1243, 1250 (Fed. Cir. 1998).

### III.  ANALYSIS

Payless's motion for summary judgment turns on an unresolved question of claim construction.  Payless argues that the phrase "underlying substantially only the location of the first metatarsal head" describes the area of the shoe sole that lies vertically beneath the first metatarsal head.  Dananberg argues that the phrase refers to the area of the shoe sole that is "located along the path that the first metatarsal head will actually follow" during plantarflexion.  Payless is entitled to summary judgment if its definition is correct because it is undisputed that the dimple in the Pre-Redesign One-Piece Insole is not vertically beneath the first metatarsal head.

I adopt Payless's proposed interpretation because its position is supported by substantial evidence in both the specification and the prosecution history.  The patent abstract describes the invention as follows:  "A human shoe sole has a foot engaging surface, that area of the sole <u>immediately underlying</u> the first metatarsal head being designed so that the first metatarsal head is free to plantarflex under load . . . ."

-7-

'195 patent Abstract (emphasis added).  Other parts of the specification refer to the area of reduced support as being "placed <u>directly under</u> the first metatarsal head," <u>id.</u> col. 1, l. 45, and "positioned <u>under the head</u> of the first metatarsal," <u>id.</u> col. 6, ll. 23-25.  Nothing in the specification supports Dananberg's contrary contention that the <u>entire</u> area of reduced support may be behind the first metatarsal head and not directly beneath it.

   The prosecution history also reveals that the location of the area of reduced support was critical to the patentability of Dananberg's invention.  Dananberg's original application claimed, in part: "A human shoe sole having a foot engaging surface, that area of the sole <u>immediately underlying</u> the first metatarsal head being softer than the remainder of the midsole material . . . ."  Payless SUF Ex. L, Prosecution History Tab 1 (Application No. 598,712) at 23, ll. 1-3 (claim 1) (emphasis added).  This claim, along with the other independent claims, was rejected as being anticipated by the prior art.  Prosecution History Tab 4 (Examiner's Action dated March 20, 1985) ¶¶ 8-9.  In response, Dananberg canceled the original seven claims and added fourteen new claims.  To distinguish the prior art that formed the basis

of the examiner's rejection of the original claims, Dananberg stressed that the area of reduced support must be "only substantially under the location of the first metatarsal head as claimed" in order to achieve the proper eversion/plantarflexion movement taught by the invention.  Prosecution History Tab 6 (Response dated July 22, 1985) at 9 (emphasis omitted).  New claim 8, which eventually became claim 1 of the patent, was later amended to include the "wherein" clause, which provides that "said portion does not extend forward of said first metatarsal head."  This clause was added to distinguish the invention from German Patent No. 660,551, which has a flexible area of the sole that extends under the ball of the big toe.  Although the location of the area of reduced support was crucial to Dananberg's invention, there is nothing in the prosecution history to support his contention that the entire area of reduced support may be placed behind the first metatarsal head.

    Dananberg offers scant evidence to rebut Payless's proposed interpretation.  His position appears to be that the disputed phrase should be read to refer to the portion of the sole that is behind and to the rear of the first metatarsal head because the patent was intended to promote plantarflexion and his expert

contends that locating an area of reduced support on the shoe sole behind the first metatarsal head will produce the intended result. I reject this argument. A patentee may not rely on expert testimony to change the meaning of a patent term simply because the expert can conceive of other ways than the patent specifies to achieve the result intended by the patentee. Here, the disputed phrase has a clear meaning when it is construed as a part of the patent as a whole. The extrinsic evidence on which Dananberg relies is simply not sufficient to call this interpretation into doubt.[7] Because the undisputed evidence demonstrates that the Pre-Redesign One-Piece insole at issue does not infringe the '195 patent when it is properly construed, I agree that Payless is entitled to summary judgment.[8]

---

[7] Dananberg also relies on Figure 8 of the patent to support his interpretation. Figure 8 includes an arrow indicating the path that the first metatarsal head follows during plantarflexion. The arrow does not identify the location of the area of reduced support on the shoe sole. Instead, the area of reduced support depicted on Figure 8 is substantially beneath the first metatarsal head on a vertical plane. Thus, the figure does not support Dananberg's proposed interpretation.

[8] Dananberg has not argued in response to Payless's motion for summary judgment that the Pre-Redesign One-Piece Insole infringes the '195 patent under the doctrine of equivalents. Thus, I do not consider how, if at all, the doctrine of equivalents might apply in this case.

**IV.   CONCLUSION**

Payless's motion for summary judgment of non-infringement (Doc. No. 151) is granted.  All other pending motions are denied as moot.  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 30, 2006

cc:   Lawrence K. Kolodney, Esq.
      Robert E. Hillman, Esq.
      W. Wright Danenbarger, Esq.
      Peter Kirk, Esq.
      Bernadette McGlynn Reilly, Esq.
      David R. Barnard, Esq.
      David V. Clark, Esq.
      James P. Bassett, Esq.
      R. Cameron Garrison, Esq.
      Stephen J. Horace, Esq.
      William R. Hansen, Esq.
      William A. Rudy, Esq.

Attachment



FIG. 8